CHARLES HARKINS *vs.* J. W. SENCERBOX.

Upon an application for a peremptory writ of Mandamus, the moving papers must be so explicit and full as to cut off every possibility of a valid excuse being made for the refusal, or the writ cannot issue.

This was an application for a peremptory writ of Mandamus, against the Respondent, commanding him to deliver to the

Harkins v. Sencerbox.

Petitioner the books and papers pertaining to the office of the Register of Deeds of Scott County, which office the applicant claimed by virtue of his election thereto. The Respondent answered, denying that the Petitioner had been duly elected and·qualified as Register, upon several grounds stated in the Answer, to which reference is made in the Opinion of the Court.

M. E. AMES and HENRY HINDS, Counsel for Petitioner.

L. M. and J. H. BROWN, Counsel for Respondent.

*By the Court*—FLANDRAU, J.   The moving papers do not preclude the idea of a valid excuse being made on the part of the Defendant for not turning over the books and papers of the office. The papers show that the Plaintiff had not been fully qualified for the office of Register of Deeds: He had not procured the recording of his oath of office in the Register's office, which, in this instance, being in the hands of the Defendant, he could not control, but he was bound at least to make the effort—and we are to presume that, had he offered the oath, it would have been received and recorded, as such would have been the duty of the Register; the Plaintiff had not filed his oath of office with the Clerk of the District Court of the County—both of which acts were incumbent upon him before he was qualified for the office of Register (*R. S.* p. 62, sec. 2.) And the old Register has a right to hold over until his successor is qualified. (*R. S.* p. 53, sec. 46.)

The moving papers must be so explicit and full as to cut off every possibility of a valid excuse being made for the refusal, or the writ cannot issue. (*R. S.* p 424, sec. 7.)

The question decided in the case of this Plaintiff against the Board of Supervisors of Scott County, at this term, was very similar to the present one in principle, and we see no reason to depart from the holding in that case.

The motion for the peremptory writ is denied, with costs.